### CAIN *v.* NESBITT.

No. 8770. JULY 16, 1932.

*F. L. Breen,* for plaintiff in error.

*A. S. Howell* and *Judson Andrews,* contra.

BECK, P. J. N. brought his equitable petition against C., and prayed for injunction and for appointment of a receiver to take charge of certain life-insurance policies alleged to have had a stated surrender value, that the policies might be subjected to the claims of the plaintiff under a judgment obtained by him against the defendant upon a promissory note containing a homestead-waiver clause. The judgment referred to was obtained in May, 1931. On August 17, 1931, C. filed his voluntary petition in bankruptcy. C. sought in the bankruptcy proceedings to have the cash value of the insurance policies referred to, which was $894, set apart to him as a homestead. The referee in bankruptcy decided and ordered that the bankrupt was entitled, under the laws of the State of Georgia, to the cash surrender value of both policies, totaling $894, as a homestead exemption. C. insisted that the property set apart as exempt belonged to his wife, inasmuch as she had for a series of years paid the premiums on the policies, and that these payments by her amounted to more than the cash surrender value of the policies, and that she held the policies to better secure her for the premiums paid by her; and also that on August 19, 1931, 26 days prior to the filing of the equitable petition, he had assigned to his wife "his said exemption in bankruptcy, without reservation, for the consideration of $25 and the sums owed by defendant to his wife for premiums paid by her upon the policies." The plaintiff insisted

that the transfer was not a bona fide transaction, but was part of a scheme to defraud creditors. At the interlocutory hearing, after the introduction of evidence the court passed an order appointing a receiver, and the defendant excepted. It does not appear that there was an abuse of discretion on the part of the judge in passing the order referred to, especially in view of the law requiring transactions of the character involved here, between husband and wife, to be closely scanned. *Judgment affirmed.* *All the Justices concur.*